IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRCLIC INC., 512 Township Line Road Building 5, Suite 200 Blue Bell, PA 19422 <br>       Plaintiff, <br><br> v. <br><br> NEOMEDIA TECHNOLOGIES, INC., 2201 Second Street, Suite 600 Fort Myers, FL 33901 <br>       Defendant. | CIVIL ACTION <br><br> NO. |

## COMPLAINT

Plaintiff AirClic Inc. ("AirClic"), by and through its undersigned attorneys, files this Complaint against Defendant NeoMedia Technologies, Inc. ("NeoMedia") seeking a Declaratory Judgment that three U.S. Patents held by NeoMedia are invalid and/or unenforceable. In support of its Complaint, AirClic avers as follows:

## NATURE OF THE ACTION

1. To induce AirClic to loan NeoMedia substantial amounts of money, NeoMedia expressly represented in a Secured Promissory Note that it owned key patents which were free of any "Encumbrances" including "any restriction on the use . . . or other exercise of any attribute of ownership."

2. In the course of conducting due diligence of NeoMedia in support of the proposed loan and related transactions, AirClic learned that these key patents are void and/or

unenforceable. In particular, after being granted access to NeoMedia's books and records to conduct a business and legal due diligence investigation of NeoMedia, AirClic learned that:

    (a)    NeoMedia engaged in inequitable conduct by intentionally failing to disclose material "prior art" to the U.S. Patent and Trade Office in connection with its prosecution of U.S. Patent Nos. 5,933,829 and 6,108,656 (the "*Durst* Patents"), and U.S. Patent No. 6,199,048 (the "*Hudetz* Patent"); and

    (b)    There are defects in the validity of the *Durst* Patents and the *Hudetz* Patent, as one or more claims of the patents fail to satisfy the statutory requirement of non-obviousness set forth in 35 U.S.C. §103(a).

3. On October 30, 2001, AirClic, because it had been placed in reasonable apprehension that NeoMedia might seek to enforce these patents against it (by, *inter alia*, NeoMedia's claims in public and in pleadings that AirClic required a license of NeoMedia's intellectual property, including the patents-in-suit, in order to lawfully conduct its business) filed a complaint against NeoMedia in this Court captioned *AirClic, Inc. v. NeoMedia Technologies, Inc.*, No. 01-5497, seeking a declaratory judgment that the *Durst* Patents and *Hudetz* Patent are invalid and/or unenforceable (the "first Pennsylvania Action").

4. In response to the first Pennsylvania Action, NeoMedia filed a motion to dismiss, in which it argued that AirClic's declaratory judgment complaint should be dismissed because there was no "case or controversy" regarding whether or not the *Durst* Patents and *Hudetz* Patent are valid and enforceable. On September 18, 2002, the Honorable Louis Pollak granted NeoMedia's motion and dismissed AirClic's compliant.

5. On January 26, 2004, despite having argued that there was no "case or controversy" regarding whether or not the *Durst* Patents and *Hudetz* Patent are valid and enforceable, and only weeks after resolving a related Pennsylvania state court action over NeoMedia's failure to pay money due under the Secured Promissory Note, NeoMedia filed a

2

"Complaint for Patent Infringement and Damages" in the U.S. District Court for the Northern District of Illinois alleging, among other things, that AirClic had infringed those patents and a fourth patent, U.S. Patent No. 5,978,773 (the "Illinois Action"). A true and correct copy of NeoMedia's complaint in the Illinois Action is attached hereto as Exhibit "A."

6. By Order dated April 15, 2004, Chief Judge Charles P. Kocoras of the U.S. District Court for the Northern District of Illinois dismissed the Illinois Action for lack of personal jurisdiction over AirClic.

7. Thus, an actual, justiciable, and unresolved controversy exists as to the validity of the *Durst* Patents and the *Hudetz* Patent which must be resolved in this Federal forum.

8. AirClic accordingly brings this action once again to obtain a declaratory judgment that the *Durst* Patents and the *Hudetz* Patent are invalid and/or unenforceable.[1]

## THE PARTIES

9. Plaintiff AirClic is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business at 512 Township Line Road, Building 5, Suite 200, Blue Bell, Pennsylvania 19422.

10. Defendant NeoMedia is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business at 2201 Second Street, Suite 600, Ft. Myers, Florida 33901.

---

[1] AirClic has also moved to re-open the first Pennsylvania Action, which motion is currently before Judge Pollak.

## JURISDICTION & VENUE

11.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1338 and 2201, in that it arises under the patent laws of the United States and an actual and justiciable controversy exists between the parties.

12.     Pursuant to 28 U.S.C. § 1338(a), this Court's jurisdiction of the claims asserted herein is exclusive of the courts of the states, and such claims could, therefore, not be adjudicated in the State Court Action.

13.     Venue is proper under 28 U.S.C. § 1391(b) because the action is not founded solely on diversity of citizenship and because a substantial part of the acts, conduct and scheme complained of herein, which give rise to the claims asserted in this Complaint occurred, in part, in this District.  Venue is also proper because the defendant resides in this District under 28 U.S.C. § 1391(c).

## FACTUAL BACKGROUND

**A.     AirClic's Discovery Of The Invalidity Of The *Durst* Patents and the *Hudetz* Patent**

14.     During its due diligence investigation of NeoMedia, AirClic learned that NeoMedia failed to disclose material information to the U.S. Patent and Trademark Office ("PTO") during its prosecution of the *Durst* Patents and the *Hudetz* Patent.

15.     In particular, AirClic learned that NeoMedia failed to disclose prior art against the *Durst* Patents and the *Hudetz* Patent.

16.     The prior art which NeoMedia failed to disclose was material to the *Durst* Patents and the *Hudetz* Patent because it was not cumulative of information already of record.

17. Upon information and belief, NeoMedia intended to mislead the PTO by failing to cite relevant prior art during its prosecution of the *Durst* Patents and the *Hudetz* Patent before the U.S. Patent and Trademark Office.

18. As a result, the *Durst* Patents and the *Hudetz* Patent must be declared void for inequitable conduct.

19. During its due diligence, AirClic also learned that the European counterpart to the *Hudetz* Patent had been flatly rejected by the European Patent Office.

20. As a result of all of the above, one or more claims of the *Durst* Patents and the *Hudetz* Patent fail to satisfy the non-obviousness requirement, codified at 35 U.S.C. §103(a).

**B.     An Actual And Justiciable Controversy Exists About the Validity Of The *Durst* Patents And The *Hudetz* Patent, Which Must Be Resolved By This Federal Court**

21. In the now-dismissed Illinois Action, NeoMedia has squarely accused AirClic of infringing on the *Durst* Patents and the *Hudetz* Patent.

22. AirClic disputes not only that it has infringed upon these patents but also, more importantly, disputes the validity of the patents themselves.

23. Accordingly, an actual and justiciable controversy exists between the parties regarding the validity and enforceability of the *Durst* Patents and the *Hudetz* Patent, which must be resolved in this Federal forum.

## COUNT I

### Declaratory Judgment That The *Durst* Patents And The *Hudetz* Patent Are Invalid And/Or Unenforceable

24. Paragraphs 1 through 23 are incorporated herein by reference and made a part hereof.

25. As detailed above, the *Durst* Patents and the *Hudetz* Patent should be declared invalid and/or unenforceable because, among other things:

    (a) NeoMedia intentionally misled the U.S. Patent and Trademark Office during its prosecution of the *Durst* Patents and the *Hudetz* Patent by intentionally withholding material prior art from the Office, thereby rendering the *Durst* Patents and the *Hudetz* Patent unenforceable due to inequitable conduct; and

    (b) One or more claims of the *Durst* Patents and *Hudetz* Patent fail to satisfy the non-obviousness standard codified at 35 U.S.C. §103(a), and are therefore invalid.

26. As detailed above, an actual and justiciable controversy exists between NeoMedia and AirClic regarding the enforceability and/or validity of the *Durst* Patents and the *Hudetz* Patent.

27. Accordingly, AirClic is entitled to a declaration that the *Durst* Patents and the *Hudetz* Patent are invalid and/or unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AirClic Inc. prays for:

1. A judgment declaring that that AirClic has not infringed U.S. Patent Nos. 5,933,829, 6,108,656 and 6,109,048 and/or that those patents are invalid and/or unenforceable.

2. A judgment declaring that AirClic has not infringed U.S. Patent No. 5,978,773.

3. Costs and fees, including reasonable attorneys fees, as allowed by law.

4. Any other relief this Court deems just, equitable and proper.

Respectfully submitted,

**BUCHANAN INGERSOLL PC**

By: _____
Howard D. Scher
Craig C. Mills
Paul D. Weiner
Pa. I.D. Nos. 03673/81331/72939
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 665-8700 (tel)
(215) 665-8760 (fax)
*scherhd@bipc.com*
*millscc@bipc.com*
*weinerpd@bipc.com*

Attorneys For Plaintiff AirClic Inc.

Dated: April 19, 2004